**THE HUTCHERSON LAW FIRM**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone (214) 443-4200
Facsimile (214) 443-4210
Kenton J. Hutcherson  (Pro Hac Vice)
Mazin A. Sbaiti (Pro Hac Vice)

**HOLDEN WILLITS MURPHY PLC**
Two North Central Avenue, Suite 1700
Phoenix, Arizona 85004
Telephone (602) 508-6210
Facsimile (602) 508-6211
Michael K. Dana (Arizona State Bar No. 019047)
Attorneys for Plaintiffs Certain Approval Programs, LLC
and Jack Sternberg

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| CERTAIN APPROVAL PROGRAMS, LLC and JACK STERNBERG,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, EDWARD MAGEDSON, and JOHN OR JANE DOE,<br><br>Defendants. | Case No:  CV 08-1608-PHX-NVW<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND FOR ENLARGMENT OF TIME TO AMEND PLEADINGS**<br>(First Request for Extension of Time)<br><br>**Hearing Requested** |

Plaintiffs Certain Approval Programs, LLC and Jack Sternberg respectfully request leave to file Plaintiffs' First Amended Original Complaint & Jury Demand (attached as Exhibit "A" to Plaintiffs' Motion for Leave to Amend) in order to add causes of action to its claims for relief.   And Plaintiffs respectfully request that, if necessary, this Court should enlarge the time for amending

1

pleadings beyond the December 31, 2008 deadline set forth in the Court's Case Management Order, in order to permit this amendment.   In neither case will Defendants be prejudiced.    Plaintiffs have requested a hearing in light of Defendants' stated intent to oppose the motion.

## BACKGROUND

On August 31, 2007, Defendant John or Jane Doe, masquerading as someone named "Robin" in Universal City, Texas,[1] visited Defendants Edward Magedson and Xcentric Ventures, LLC's website – www.RipoffReport.com – and with the help of the website, posted scathing defamatory statements about Plaintiffs and Plaintiffs' product, the Buyers First Program.  Because of activities undertaken by Defendants, they were able to use Plaintiffs' names to drive traffic to the website containing the posting.  Defendants derive huge profits from their activities and at the same time severely damaged Plaintiffs' reputations and commercial prospects, thus decimating Plaintiffs' business.

On August 29, 2008, Plaintiffs filed their Original Complaint in this case [Docket No. 1], which set forth the underlying facts, and alleged several theories of recovery under state law.   On September 29, 2008,  Defendants Edward Magedson and Xcentric Ventures, LLC, filed their answer [Docket No. 12].

---

[1]  Plaintiffs say "masquerading" because Plaintiffs' records show no current or former customer named Robin, nor a record of any current or former customer residing in Universal City, Texas.

On November 7, 2008, this Court entered a Case Management Order [Docket No. 24], which set forth a deadline of December 31, 2008, for any of the parties to amend their pleadings and add additional parties.  On December 31, 2008, Plaintiffs timely filed to amend their Original Complaint by submitting Plaintiffs First Amended Complaint to the Electronic Case Filing system [Docket No. 25].  But due to their mistaken understanding of the Case Management Order's deadline, Plaintiffs failed to submit a formal motion requesting leave to amend.   On January 12, 2008, after having their attention drawn to the error by Defendants' counsel, Plaintiffs withdrew their Amended Complaint by filing a Notice of Errata, and contemporaneously filed the instant motion and brief to cure any defects in the prior filing.

## DISCUSSION

**I.     The Amendment Should Be Allowed Because There Is Presumption In Favor Of Amendment, And There Is No Basis For Denying Leave**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a district court is instructed to "freely give leave when justice so requires."  Courts are generally supposed to grant leave "in light of the strong public policy permitting amendment." *Outdoor Systems, Inc. v. City of Mesa,* 997 F.2d 604, 614 (9th Cir. 1993).  Moreover, in *Foman v. Davis,* the Supreme Court held that it is an abuse of the district court's discretion to deny leave to amend absent specified factors "such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. 178, 182 (1962).

Here, none of the exceptions apply. Most importantly, there is no prejudice to Defendants. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. Cal. 2003) (holding that "it is the consideration of prejudice to the opposing party that carries the greatest weight" in determining whether to allow amendment). It is for Defendants to prove prejudice sufficient to overcome the Federal Rule's permissive amendment policy. *See id*. at 1052. Defendants have neither changed their position on any issue nor forgone any rights or procedures they might have otherwise had in reliance on Plaintiffs' pleadings. Furthermore, the Amended Complaint merely states new theories of recovery based on the same facts previously alleged, which is sufficient to permit amendment at almost any stage of litigation. As the Supreme Court held in *Foman v. Davis* in allowing a post-trial amendment to add theories of recovery, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim[s] on the merits." 371 U.S. at 182. Thus, Defendants have had ample notice of the facts and potential claims against them from the very beginning, and cannot claim prejudice here.

Additionally, here there is no "bad faith or dilatory motive" because Plaintiffs demonstrably attempted to meet the deadline in good faith when they timely filed their Amended Complaint.   There is likewise no "undue" delay because Plaintiffs promptly withdrew their erroneous filing and filed this motion, and did so within a very short period of time after the deadline passed. And this is not an instance where Plaintiffs needed to amend to "cure" deficiencies in previous pleadings after several prior amendments.

For these reasons and given Rule 15's liberal amendment policy, Plaintiffs respectfully request leave to file their Amended Complaint.

**II.      To The Extent That It Is Necessary, Plaintiffs Move For An Enlargement of Time To Amend Under The Case Management Order Sufficient To Permit This Amendment**

Plaintiffs are mindful that despite their best intentions, they did technically miss the Court's December 31, 2008, deadline for filing a motion for leave to file amended pleadings.   If this Court determines that the instant motion is not creditable back to the date of Plaintiffs' attempt to file the Amended Complaint, then Plaintiffs respectfully move in the alternative for an expansion of the time for filing amended pleadings to permit this pleading.

Under Rule 16 of the Federal Rules of Civil Procedure, Plaintiffs must show good cause for requesting the Court to deviate from its Case Management Order, which usually turns on Plaintiffs diligence in meeting the deadline.   Here,

good cause exists because Plaintiffs' oversight did not result from a lack of diligence.  There was merely a technical deficiency due primarily to Plaintiffs' misreading of the Court's Case Management Order.  This motion comes a very short time after the deadline and Defendants' substantial rights are unlikely, if at all, to have been affected—much less prejudiced. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Foman*, 371 U.S. at 181-82 (it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

On the other hand, Plaintiffs' rights will be materially prejudiced by denial of the motion to enlarge the time for amendment, because exclusion of the additional claims could potentially deny Plaintiffs relief they seek.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Amended Complaint be deemed filed as of the Court's order.

Respectfully submitted this 12th Day of January, 2009,

PLAINTIFFS CERTAIN APPROVAL PROGRAMS, LLC & JACK STERNBERG

_____/s/_  Kenton J. Hutcherson_____
Kenton J. Hutcherson, *Pro Hac Vice*
Mazin A. Sbaiti, *Pro Hac Vice*
THE HUTCHERSON LAW FIRM
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com
Email: mas@hutchersonlaw.com
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participant:

> Maria Crimi Speth
> Jarburg & Wilk
> 3200 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012
> Attorney for Defendants Xcentric Ventures, LLC and Edward Magedson

I further certify that on January 12, 2009, I will serve a courtesy copy of the aforementioned document and transmittal of a Notice of Electronic Filing by mail on the following:

> The Honorable Neil V. Wake
> United States District Court
> Sandra Day O'Connor U.S. Courthouse, Suite 524
> 401 West Washington Street, SPC 52
> Phoenix, Arizona 85003

/s/ Kenton J. Hutcherson

Kenton J. Hutcherson
Attorney For Plaintiffs Certain
Approval Programs, LLC and Jack
Sternberg