**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Certain Approval Programs, L.L.C.; and Jack Sternberg, <br><br> Plaintiff, <br><br> vs. <br><br> XCentric Ventures L.L.C.; Edward Magedson; and John or Jane Doe, <br><br> Defendants. | No. CV08-1608-PHX-NVW <br><br> **ORDER** |

Before the Court is Plaintiffs' Motion for Leave to Amend the Original Complaint and to Enlarge the Time to Amend Pleadings (doc. #28.).

**I.    Background**

Defendants operate a website known as "Ripoff Report," which is located at http://www.ripoffreport.com and http://www.badbusinessbureau.org. Plaintiffs allege their business has been damaged by information posted on Defendants' website, which includes both third-party complaints and meta tags created and inserted into the HTML script by Defendants. Among other things, the meta tags cause Internet searches for Plaintiffs' names to show a title stating "Rip-off Report:" before their names and the link to the Defendants' website and the third-party complaint. Plaintiffs further allege that Defendants actively solicit defamatory content from third parties and directly encourage

1   the use of hyperbole and exaggeration in the title and body of the complaint to maximize

2   the impact and marketability of false reports.

3   **II.     Legal Standard**

4          Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P.

5   15(a)(2).  A motion to amend "is to be liberally granted where from the underlying facts

6   or circumstances, the plaintiff may be able to state a claim."  *DCD Programs, Ltd. v.*

7   *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citation

8   omitted).  "In deciding whether justice requires granting leave to amend, factors to be

9   considered include the presence or absence of undue delay, bad faith, dilatory motive,

10  repeated failure to cure deficiencies by previous amendments, undue prejudice to the

11  opposing party and futility of the proposed amendment."  *Moore v. Kayport Package*

12  *Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182

13  (1962)).  Although multiple factors are usually considered, "futility of amendment alone

14  can justify the denial of a motion."  *Ahlmeyer v. Nevada System of Higher Education*, __

15  F.3d. __, 2009 WL 385875 (9th Cir. Feb. 18, 2009).

16  **III.    Analysis**

17         Defendants contend that Plaintiffs' motion should be denied as untimely, filed in

18  bad faith and with dilatory motive, prejudicial, and futile.

19         <u>Bad Faith and Dilatory Motive.</u>

20         Defendants' contentions that the proposed amendment to the Complaint "serves as

21  nothing more than a continued effort by Plaintiffs to chill the free speech of both

22  Defendants and the users of the Rip-Off Report website" and "was only made to further

23  Plaintiffs' ulterior motive of shutting down the Rip-Off Report website and silencing free

24  speech" do not establish bad faith or dilatory motive in seeking amendment.

25         <u>Undue Delay and Undue Prejudice.</u>  Delay alone does not provide a basis for

26  denying leave to amend.  *Leighton*, 833 F.2d at 187.  Plaintiffs' failure to correct their

27  December 31, 2008 filing until January 12, 2009, six business days after notice of their

28  error, did not prejudice Defendants or delay proceedings unduly.

1        Futility.

2        Defendants contend that Plaintiffs' proposed addition of a cause of action for

3   "misappropriation of name or likeness" pursuant to either Louisiana or Arizona state law

4   is futile as barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

5   Defendants do not argue any other basis for finding the proposed amendment futile.

6        The CDA provides that "[n]o cause of action may be brought and no liability may

7   be imposed under any State or local law that is inconsistent with this section."  47 U.S.C.

8   230(e)(3).  It further provides that "[n]o provider or user of an interactive computer

9   service shall be treated as the publisher or speaker of any information provided by another

10  information content provider."  47 U.S.C. § 230(c)(1).  "The reference to '*another*

11  information content provider*' (emphasis added) distinguishes the circumstance in which

12  the interactive computer service itself meets the definition of 'information content

13  provider' with respect to the information in question."  *Batzel v. Smith*, 333 F.3d 1018,

14  1031 (9th Cir. 2003).

15       "The term 'information content provider' means any person or entity that is

16  responsible, in whole or in part, for the creation or development of information provided

17  through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).

18  Therefore, a website operater may be liable for content it creates:

19       A website operator can be both a service provider and a content provider:  If
         it passively displays content that is created entirely by third parties, then it
20       is only a service provider with respect to that content.  But as to content that
         it creates itself, or is "responsible, in whole or in part," for creating or
21       developing, the website is also a content provider.  Thus, a website may be
         immune from liability for some of the content it displays to the public but
22       be subject to liability for other content.

23  *Fair Housing Council v. Roommates.com*, LLC, 521 F.3d 1157, 1162-63 (9th Cir. 2008)

24  (en banc) (CDA immunity did not apply to acts of an operator in posting a questionnaire

25  and requiring answers to it allegedly in violation of the Fair Housing Act and state laws,

26  but did apply to additional comments created by subscribers).

27       Further, a website operator may be liable for collaborative efforts between the

28  operator and other content providers:

1
2
3
4

> [I]mmunity for passive conduits and the exception for co-developers must be given their proper scope and, to that end, we interpret the term "development" as referring not merely to augmenting the content generally, but to materially contributing to its alleged unlawfulness.  In other words, a website helps to develop unlawful content, and thus falls within the exception to section 230, if it contributes materially to the alleged illegality of the conduct.

5   *Id.* at 1167-68.

6         The essence of Defendants' argument is that they are not an "information content

7 provider," only a "provider or user of an interactive computer service," and therefore the

8 CDA immunizes them from all state law liability.  Plaintiffs have alleged enough facts

9 regarding Defendants' "creation or development of information provided through the

10 Internet or any other interactive computer service" to make it plausible that Defendants

11 are an "information content provider" for some content and therefore the CDA does not

12 completely immunize Defendants.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965

13 (2007) (a plaintiff is required to plead "only enough facts to state a claim to relief that is

14 plausible on its face").  At this time, therefore, Plaintiffs' proposed misappropriation

15 claim is not necessarily futile.

16         Therefore, under a mandate to liberally grant leave to amend pleadings and upon

17 finding no "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies

18 by previous amendments, undue prejudice to the opposing party[, or] futility of the

19 proposed amendment," Plaintiffs' motions to enlarge the time to request leave to amend

20 and to amend their Complaint as proposed will be granted.

21         In addition, Plaintiffs are reminded that Local Rule 7.1(b)(1)'s font size

22 requirement applies to text in footnotes as well in the body of filed documents.

23 / / /

24
25
26
27
28

1    IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to Amend the

2    Original Complaint and to Enlarge the Time to Amend Pleadings (doc. #28) is granted.

3    The Clerk is directed to file Plaintiffs' First Amended Original Complaint and Jury

4    Demand lodged as doc. #31-2.

5    DATED this 9th day of March, 2009.

6

7

8    _____

9    Neil V. Wake
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28