Maria Crimi Speth, #012574
David S. Gingras, #021097
Laura A. Rogal, #025159
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CERTAIN APPROVAL PROGRAMS, L.L.C.; and JACK STERNBERG,<br><br>          Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, L.L.C.; EDWARD MAGEDSON; and JOHN or JANE DOE,<br><br>          Defendants. | Case No: CV08-1608-PHX-NVW<br><br>**REPLY RE: DEFENDANTS' MOTION TO DISMISS** |

### I. THE FACT THAT LEAVE TO AMEND WAS GRANTED DOES NOT PRECLUDE A RULE 12(B)(6) MOTION TO DISMISS

In an effort to preempt any discussion of the merits, Mr. Sternberg's Response begins by stating that this Court cannot even consider Defendants' Motion to Dismiss because when leave to amend was previously granted, that ruling necessarily included a finding that the sixth cause of action in the First Amended Complaint (the single claim which is the subject of this motion) *was* properly pleaded and sufficient to state a claim:

> Because this Court rejected Defendants' argument that the amendment was "futile," it has already determined that the Amended Complaint states a proper claim for misappropriation, and this ruling is now the law of the case.

Response at 3:1–3.

10297-33/DSG/DSG/714629_v1

1  Based on this, Mr. Sternberg launches an aggressive personal attack upon
2  Defendants and counsel implying that sanctions are warranted:

> There is no excuse for Defendants filing this follow-on motion without even attempting to meet the requirements for reconsideration. The Ninth Circuit has found it within the trial court's discretion to sanction where there is a pattern of repeated or excessive motions like this – it does not matter whether the motion on its face has an arguable basis.

Response at 4:16–5:2.

This argument is dramatic, but not impressive, nor does it demonstrate anything other than a lack of understanding of the law. Even when a party has previously argued futility in opposition to a request for leave to amend, this does not in any way bar that party from presenting the same, or a different, argument in a subsequent Rule 12(b)(6) motion; "granting leave to amend does not preclude Defendant from filing a 12(b)(6) Motion to Dismiss." *Baker v. Trans Union, LLC*, 2008 WL 2329099, *3 (D.Ariz. 2008) (emphasis added); *see also Ashcroft v. Dept. of Corrections*, 2007 WL 1989265 (W.D.N.Y 2007) (noting, "The decision to grant leave to amend is in no way a decision on the ultimate merits of the parties' claims … .") (citing *Dubai Islamic Bank v. Citibank, N.A.*, 256 F.Supp.2d 158, 162 (S.D.N.Y.2003)).

In addition, it should be noted that the only futility argument raised by Defendants in response to Mr. Sternberg's request to amend was that the new claim was barred by the Communications Decency Act. No discussion of the underlying legal merit of the new claim was presented at that stage, and the Court's ruling never addressed that point. This is why the argument has been raised in the instant motion (as both allowed and, in fact, required by Rule 12).

Because there is no legal basis for his position that granting leave to amend is an automatic bar to a subsequent Rule 12(b)(6) motion, this Court should ignore the first four pages of Mr. Sternberg's Response (which are devoted solely to this argument) and begin its review of the merits of his position beginning with Section II on Page 5 of his Response.

2

## II. THE SIXTH CAUSE OF ACTION DOES NOT STATE A CLAIM

Mr. Sternberg's remaining arguments have as little merit as his "law of the case" theory which is to say, none. In short, Mr. Sternberg's Response simply lists the elements of the misappropriation tort from the Restatement, and then concludes with a statement in summary form that he has properly stated a claim.

The error here is that Mr. Sternberg believes that the misappropriation tort allows any person to prevent the unauthorized use of their name for any reason. According to his view, any website which contains any mention of his name must first obtain his consent, and the failure to do so is a tort. As explained in the motion, this is simply not the law.

Using a modified example from another case,[1] assume for a moment that Mr. Sternberg is actually the famous actor Colin Farrell. Rather than operating www.RipoffReport.com, Ed Magedson is actually the editor of *The National Enquirer* tabloid which runs a story accusing Mr. Farrell of escaping from a mental hospital:

**Example 1—Incidental Use Of Name/Likeness**




Colin Farrell escapes from mental hospital!

Read all about it here!

---

[1] Part of this example was used by undersigned counsel in *Farrell v. Narain*, Case No. CV 05-07244 JFW (C.D.Cal. 2005).

10297-33/DSG/DSG/714629_v1

If this story is factually false, then Mr. Farrell clearly has a cause of action against *The National Enquirer* for defamation. However, even if the statements are false, the use of Mr. Farrell's name and photo in this manner is not actionable misappropriation within the scope of Section 652C of the Restatement. This is so because the magazine is not using Mr. Farrell's celebrity status to promote any product or service other than the stories found in the magazine itself. Rather than implying endorsement of the magazine, Mr. Farrell's name and likeness are simply used as an incidental part of the story about him. Even if the story increases sales and earns more profit for the defendants, this is not actionable misappropriation prohibited by Section 652C. *See Chapman v. Journal Concepts, Inc.*, 528 F.Supp.2d 1081, 1096 (D.Hawai'i 2007).

So, if using a person's name in a story criticizing that person is not actionable misappropriation, what is? Below is a simple example showing the standard form of the tort. In this example, the defendant (who is in the business of selling a product) takes the plaintiff's name/likeness and uses it without the plaintiff's permission to falsely imply that the plaintiff is sponsoring/endorsing the defendant's products:

### Example 2—Typical Misappropriation Facts

**Unauthorized Image**   +   **Commercial Product**   =   **Misappropriation**

  

4

This is essentially what happened in *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001) and the similar cases cited in Defendants' initial Motion to Dismiss.

Here, Mr. Sternberg's Response argues that his misappropriation cause of action is proper because "Defendants capitalize on Plaintiffs' names within the context of an Internet search." Resp. at 5:21–22. However, this argument ignores the incidental *manner* in which Mr. Sternberg's name is used on the Ripoff Report site—Mr. Sternberg does not allege that Defendants have falsely suggested that Mr. Sternberg is endorsing any aspect of Defendants' business. Rather, the facts alleged in the First Amended Complaint merely accuse Defendants of publishing a report about Mr. Sternberg which he claims is untrue. Those allegations are simply *not* sufficient to state a claim for misappropriation.

Apparently sensing this problem, Mr. Sternberg points to facts which, he believes, demonstrate that Defendants' use of his name is more than incidental such as:

- Defendants could sell more advertising if more people visit the site;
- Ed Magedson sells a book called "Ripoff Revenge";
- There is an ad on Ripoff Report for a real estate seminar taught by someone other than Jack Sternberg.

Mr. Sternberg argues that these points show that the Ripoff Report has a *commercial purpose* and therefore any mention of his name on the site must be sufficiently commercial to constitute misappropriation. This argument is identical to the position considered and rejected by the Court in *Chapman*; "The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness." *Chapman*, 528 F.Supp.2d at 1096 (quoting RESTATEMENT (SECOND) OF TORTS § 652C cmt. d) (citing *Daly v. Viacom, Inc.*, 238 F.Supp.2d 1118, 1122–23 (N.D.Cal. 2002)).

The same is true here. It is simply not relevant whether Defendants make money from selling advertising space or books on www.RipoffReport.com. Clearly, Google

5

1 makes billions of dollars per year from selling private advertisements which appear
2 alongside its search results listings which might include Mr. Sternberg's name, but this
3 does not make Google liable for misappropriating the name of every person listed in those
4 search results. *See Parker v. Google, Inc*., 422 F.Supp.2d 492, 501 (E.D.Pa. 2006)
5 (granting Google's Motion to Dismiss claims including "invasion of privacy" despite
6 plaintiff's allegations that "the act of Google users putting in a search query of [plaintiff's]
7 name leads Google to produce a list of websites in which his name appears … .")

In order to state a viable claim, the tort must be based on the unauthorized commercial use of the plaintiff's name in advertising, not on the defendant's other commercial activities in general. As the Court explained in *Champan*, "Liability under this legal theory [of misappropriation] is generally limited to unauthorized use in connection with the promotion or advertisement of a product or service and not, as is the case here, for use in a magazine story." *Id*. Because the First Amended Complaint does not allege that Mr. Sternberg's name is being used to advertise any product or service, the misappropriation claim is simply not properly pleaded. Nothing in Mr. Sternberg's Response brief supports a different conclusion.

In closing, it should be noted that Mr. Sternberg's Response alludes to new facts not found anywhere in the First Amended Complaint such as his suggestion that Defendants "offer and sell the Corporate Advocacy Program to *Jack Sternberg* … ." Resp. at 7:1 (italics in original) (underlining emphasis added). Based on this, it appears that Mr. Sternberg is suggesting, for the first time, that Defendants attempted to enlist him in the Corporate Advocacy Program. This Court should not consider facts outside of the First Amended Complaint. Further, Defendants dispute that they offered or sold Mr. Sternberg the Corporate Advocacy Program.

Mr. Sternberg suggests "**Defendants have not cited a single case holding that using a plaintiff's name to directly profit from defaming him is a protected 'incidental use' of his name entitled to first amendment protection**." Resp. at 8:5–8 (bold in original). This argument is factually and legally groundless.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

6

Legally, Mr. Sternberg ignores the District Court's decision in *Chapman* where the Court found that the misappropriation tort <u>did not</u> apply *even where* the plaintiff combined this claim with a cause of action for defamation. *Chapman*, 528 F.Supp.2d at 1096. The claim failed in that case because the use of Mr. Chapman's name in a negative story about him was simply not the type of conduct prohibited by Section 652C of the Restatement.

Factually, as noted above, the kinds of inflammatory allegations presented by Mr. Sternberg are simply not relevant to the viability of Mr. Sternberg's misappropriation claim—Defendants are either using Mr. Sternberg's name for commercial promotion/advertising or they are not. The First Amended Complaint does not contain any allegations that Defendants are using Mr. Sternberg's name in any way to falsely imply his promotion of the Ripoff Report site. The question of any *other* business operations conducted by Defendants has nothing to do with this point.

### III.   CONCLUSION

For the above reasons, the Motion to Dismiss should be granted.

DATED April 7, 2009.

**JABURG & WILK, P.C.**

/s/ David S. Gingras
Maria Crimi Speth
David S. Gingras
Laura Rogal
Attorneys for Defendants

7

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2009 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kenton J Hutcherson
Mazin A. Sbaiti
(Admitted *Pro Hac Vice*)
Hutcherson Sbaiti LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, TX 75219
Email: kjh@hutchersonlaw.com
mas@hutchersonlaw.com

Michael Kent Dana
Dana Law LLC
506 East Portland Street
Phoenix, AZ 85006
Email:  mdana@danalaw.net
Attorneys for Plaintiffs

With a COPY of the foregoing delivered to:

Honorable Neil Wake
United States District Court
District of Arizona

s/Debra Gower

10297-33/DSG/DSG/714629_v1