1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone (214) 443-4200
Facsimile (214) 443-4210
Kenton J. Hutcherson  (Pro Hac Vice)
Mazin A. Sbaiti (Pro Hac Vice)

**DANA LAW LLC**
506 East Portland Street
Phoenix, Arizona 85004
Telephone: (602) 622-2308
Michael K. Dana (State Bar No. 019047)

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CERTAIN APPROVAL PROGRAMS, LLC and JACK STERNBERG, | Case No:  CV08-1608-PHX-NVW |
| Plaintiffs, | |
| v. | **PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT AND JURY DEMAND** |
| XCENTRIC VENTURES, LLC, EDWARD MAGEDSON, and MICHAEL SOLIMANTO, | |
| Defendants. | |

Plaintiffs Certain Approval Programs, LLC ("Certain Approval") and Jack Sternberg ("Sternberg") file this Second Amended Original Complaint and Jury Demand against Defendants Xcentric Ventures, LLC ("Xcentric Ventures" or "Xcentric"), Edward Magedson ("Magedson"), and Michael Solimanto on personal knowledge as to all facts regarding themselves and on information and belief as to all other matters, as follows:

1

# I.

## PRELIMINARY STATEMENT

Defendants Edward Magedson and Xcentric Ventures are in the business of defamation.  They operate a website known as "Ripoff Report" which is located on the Internet at http://www.ripoffreport.com (the "Website").  Magedson and Xcentric profit from the Website by selling advertisements, books written by Magedson, and their "Corporate Advocacy Program" in which they offer to neutralize defamatory statements that appear on the Website.

Third parties can post comments, statements, and allegations on this Website about businesses and individuals who have purportedly "ripped them off."  Magedson and Xcentric add to these third party posts by adding their own original content to enhance the defamatory nature of the posts.  For example, for each post on the Website, third parties are prompted to create a title for their post that begins with the name of the post's targeted business or individual.  Magedson and Xcentric add the words "Rip-off Report:" to the beginning of this title to create the hidden "title metatag" for the post. This "title metatag" is located in the HTML (hyper text markup language) script that underlies each webpage containing a post on the Website.  While adding this defamatory content to this hidden title metatag may seem harmless, in actuality, that defamatory title metatag is what Internet search engines, such as Google, display as results for Internet searches.  The charged words "Rip-off Report:" followed by the name of the defamed target business or individual have the intended effect of shocking any person who

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HuthersonLaw.com

conducts an Internet search for any business or individual unlucky enough to be the subject of such a report.

Defendant Michael Solimanto posted false, defamatory, and misleading statements about Plaintiffs Certain Approval Programs, LLC and Jack Sternberg on the Website. Defendants Magedson and Xcentric added their own original content to these statements by, among other things, adding the phrase "Rip-off Report:" to the title metatag of the specific webpage containing these statements. These actions have had the intended effect of publishing the statement "Rip-off Report: Jack Sternberg . . ." on Google and other Internet search engines.

Virtually overnight, these defamatory statements caused Certain Approval and Jack Sternberg's consistently strong sales to plummet by more than eighty percent (80%). Plaintiffs Certain Approval Programs, LLC and Jack Sternberg bring this action to enjoin Defendants' unlawful conduct of falsely defaming them as well as to be justly compensated for the damages they incurred.

**II.**

**PARTIES**

**A.    Plaintiffs**

1.    Plaintiff Certain Approval Programs, LLC is a Louisiana limited liability company with its principal place of business in Jefferson, Louisiana. Certain Approval provides real estate investment consulting services for its clients nationwide.

2.    Plaintiff Jack Sternberg is a citizen of the State of Louisiana. Sternberg is the Chief Executive Officer of Plaintiff Certain Approval.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**B.**   **Defendants**

3.      Defendant Xcentric Ventures, LLC is an Arizona limited liability company with its principal place of business in Arizona.  Xcentric Ventures runs and operates the Website    which    is    located    at    http://www.ripoffreport.com    and http://www.badbusinessbureau.com.   Xcentric Ventures may be served through its registered agent, Maria Crimi Speth, Esq., at 3200 North Central Avenue, Suite 2000, Phoenix, Arizona 85012.

4.      Defendant Edward Magedson is an individual who, upon information and belief, is, and at all relevant times was the owner and/or operator of the Website. Magedson is also a "Manager" of Xcentric Ventures.  Upon information and belief, Mr. Magedson may be served at 1138 S. Rose, Mesa, Maricopa County, Arizona, 85204, and/or 2033 W. McDowell Boulevard, Apache Junction, Pinal County, Arizona 85220, and/or P.O. Box 310, Tempe, Maricopa County, Arizona 85280.

5.      Defendant Michael Solimanto posted statements on the Website under the name "Robin" from "Universal City, Texas".   Upon information and belief, Mr. Solimanto may be served at 5403 Everhart Road, Corpus Christi, Texas 78411.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

## III.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the matter in controversy, exclusive of costs and interests, exceeds the sum or value of seventy-five-thousand dollars ($75,000.00).

7.     This Court has personal jurisdiction over Xcentric Ventures because it is a citizen of Arizona and does business in Arizona.

8.     This Court has personal jurisdiction over Magedson because he is a citizen of Arizona and does business in Arizona.

9.     This Court has personal jurisdiction over Michael Solimanto because he has committed torts in part inside Arizona and because he has systematic contacts with Arizona.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Xcentric and Magedson reside in Arizona and this District, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Arizona and this District, and Defendants have committed and continue to commit tortious acts in the State of Arizona and this District.

**IV.**

**FACTUAL BACKGROUND**

**A.**     **Certain Approval, Jack Sternberg, And The Buyers First Program**

11.     Certain Approval was created in 2005 to provide instructional programs for real estate investors.  Certain Approval does business as "Buyers First" and offers its principal product under the same name.

12.     Jack Sternberg has been in the real estate investment business for more than thirty years.  He is the author of numerous articles on real estate investing that are published on the Internet and elsewhere.

13.     Jack Sternberg has served as Certain Approval's chief executive officer since its inception in 2005.  Under his leadership, Certain Approval developed the renowned "Buyers First" Program which provides real estate investors step by step guidance to improve their real estate investment activities.  As the name indicates, the Buyers First Program teaches real estate investors how to develop leads of potential real estate buyers before finding real estate to sell to them.

14.     Certain Approval's Buyers First Program has been tremendously successful, generating consistent, substantial revenue since its release (or at least until Defendants' unlawful conduct).

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

6

**B.    Ripoff  Report:  Magedson  And  Xcentric's  Money-Making  Defamation Machine**

15.    The Ripoff Report Website is an Internet forum that purports to be a place for  consumers  to  post  and  review  complaints  about  businesses  and  individuals  who allegedly  "rip  them  off".    Any  computer  user  can  log  into  the  Website  and  create  a "report" about any business or individual.

16.    Magedson and Xcentric encourage and solicit third parties to submit reports to the Website.

17.    Magedson  and  Xcentric  publish  these  reports  on  the  Website  without evaluating the validity of any of the information contained therein.

18.    Further, Magedson  and  Xcentric  have  a  policy  in  which  they  refuse  to remove any report on the basis that it is false and defamatory.

19.    Magedson and Xcentric profit from the Website by selling advertisements (including  key  word  advertisements),  books  written  by  Magedson,  and  their  Corporate Advocacy Program.

20.    Magedson  and  Xcentric's  advertising  profits  are  quite  handsome  as  the Website receives millions of "hits" each week.

21.    In  the  Corporate  Advocacy  Program,  businesses  or  individuals  that  have been  defamed  on  the  Website  can  hire  Magedson  and  Xcentric  to  "investigate"  the defamatory reports about them.    While Magedson and Xcentric will not remove the defamatory posts, they will amend them to include Magedson's findings that the business or individual has excellent customer service and that the defamatory reports were false.

These amendments are made to the title of the defamatory report as well as preceding the body of the report.

22.     Magedson and Xcentric do not allow any party, other than Magedson, to make such amendments.

23.     Businesses and individuals that subscribe to the Corporate Advocacy Program must pay Magedson and Xcentric a large up-front fee (sometimes between $30,000 and $50,000) as well as monthly fees to maintain the Corporate Advocacy Program's protections.

**C.   Magedson And Xcentric Systematically Provide Their Own Original Defamatory Content On The Website.**

24.     The Website is not simply a passive forum for third parties to publish statements on their own.  Rather, Magedson and Xcentric combine their own original content with each report authored by a third party.

25.     Here's how the Website operates—First, a computer user will log into the Website to make a "report".  The Website prompts the computer user to input certain information about the business or individual that is the target of the report, such as its name, street address, and website address.  The following form illustrates this first step:[1]

---

[1] This image was obtained from Xcentric Ventures, LLC and Ed Magedson's Motion for Summary Judgment filed in the lawsuit styled *GW Equity, LLC v. Xcentric Ventures, LLC, et al.*, Civil Action No. 3-07 CV 0976-K in the United States District Court for the Northern District of Texas, Dallas Division, filed on June 2, 2008 as document number 164.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

26.     Second, the Website prompts the user to create a "title" for their report. This "title" is split into four parts, specifically (1) the name of the company or individual that is the target of the report, (2) descriptive words explaining what the target did to the user, (3) the city in which the target is located in, and (4) the state in which the target is located.  The following form illustrates this second step:[2]

_____

[2] *Id.*

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

27.    Third, the Website provides the user with a blank box in which to draft the body of their report:[3]



HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

[3] *Id.*

28.    Fourth, the Website prompts the user to categorize the report in one of many predetermined categories which include such categories as "Ice Cream Shops", "Con Artists", "Corrupt Companies", and "Court Judges":[4]



29.    After submitting this information to the Website, Magedson and Xcentric provide their own original content to each webpage containing a report.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

---

[4] *Id.*

30.     Among other items of original content, Magedson and Xcentric systematically input original content into the "title metatag" of the particular webpage.

31.     Each webpage contains an HTML (hyper text markup language) script that is read by Internet search engines such as Google.[5]   The host of the webpage has exclusive control over the content of the HTML script.  Among other content, the HTML script contains "metatags" that are designed for Internet search engines to read.

32.     One such metatag is the "title metatag" which provides a title for the particular webpage.  This title appears on the title bar of the Internet browser program (such as Internet Explorer, Netscape, or FireFox).  In addition, the title metatag appears as the name of each webpage that appears as a search result on Internet search engines such as Google.

33.     Defendants Magedson and Xcentric create the title metatag for each webpage on the Website by adding the phrase "Rip-off Report:" to the beginning of the title of the report given by the computer user who created the body of the report.  Every webpage on the Website containing a "report" has a title metatag that begins with "Rip-off Report:".

34.     Magedson and Xcentric use the four-part title presented by the computer user to serve as the "description metatag" for the webpage.  Like the title metatag, the description metatag appears in the HTML script for the webpage.  This description

---

[5] The HTML script for any webpage can be viewed by taking the following steps: (1) If you are using Internet Explorer Version 7, click on the drop-down menu called "Page" in the upper right corner of the window, and select "View Source".  (2) If you are using Internet Explorer Version 6, click on the drop-down menu called "View" in the upper left corner of the window and select "Source".  In both cases, a new window should open as a text file displaying the HTML script.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

metatag is displayed in the two lines of text beneath the title for each search result on Internet search engines such as Google.

35.    Magedson and Xcentric also create "keyword metatags" for each web page which appear in the HTML scripts.  These keyword metatags are not displayed on Internet search engines, but are used by Internet search engines to determine what the particular webpage is about.  On each webpage containing a report on the Website, Magedson and Xcentric create the following keyword metatags: "rip-off," "ripoff," "rip off," the name of the business or individual that is the target of the report, and the category chosen by the computer user for the report.  Magedson and Xcentric create these metatags systematically.

36.    Magedson and Xcentric also designed and publish the defamatory logo on each report.  This logo contains the statements "…for consumers, by consumers", "Ripoff Report", and "Don't let them get away with it… let the truth be known!"

37.    Further, Magedson created the name of the Website's domain— www.ripoffreport.com.  Affiliating any person or business with this domain name is defamatory.  This domain name defames any person or business who becomes the target of a report.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**D.    Xcentric, Magedson, And Solimanto Combine To Defame Certain Approval And Jack Sternberg.**

38.    On or about August 31, 2007, Michael Solimanto logged into the Website under the name "Robin" from "Universal City, Texas" and posted a report about Jack Sternberg, Ken Preuss, and Certain Approval's Buyer's First Program.  For the body of the report, Solimanto specifically stated:

> Do not trust the Buyers First or any other name given to the idea by Jack Sternberg. I have seen people buy his program and fail, and I too have failed using this program, and not because the people who bought into this scam didn't try it, but because it's illegal and very difficult. His idea of charging $50,000 is an attempt to scam anyone. He makes more money from selling the program than doing one stray deal here or there.

> I've seen people at the program that would never do a deal and he sold them damaged goods. The program requires bait and switch advertising (which is illegal), it requires advertising property you don't have or own (which is illegal), and it requires selling someone something which neither benefits the buyer or the seller. It's a leach equity program that benefits no one, including the investors Jack Sternberg ropes in and steals their money.

> What Jack won't disclose is that he was arrested for fraud back in the 90's for real-estate investing and owes a few million for his petty games. He's not a person you can trust. An article published in Louisiana about his illegal scheming and arrest show his true nature.

> What anyone should do if they do not believe me is to ask Jack Sternberg or Ken Preuss to show you their books or 1099 and show you how much money they make and ask them to give you 5 references of people who are making so much money. These people don't mind hurting anyone. I put more than enough money and time to make the program work and frankly it's stealing.  I lost my money already, this is for you, the consumers sake.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

15

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

39.   Following the Website's prompts, Solimanto provided the title for this report in the following four parts: (1) "Jack Sternberg Ken Preuss Buyers First", (2) "Jack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors", (3) "Metarie", and (4) "Louisiana".   These parts combined to create the report's title "Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana", which appears in red colored font on the Website.

40.   Michael Solimanto also categorized this report under the Website's category called "Con Artists".

41.   Magedson and Xcentric's defamation machine then went to work. Magedson and Xcentric added their own original defamatory content to Solimanto's report.

42.   First, Magedson and Xcentric added the words "Rip-off Report:" to the beginning of the four-part title of Solimanto's report to create the title metatag "Rip-off Report: Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana".  Attached as Exhibit A is a printout of the HTML script for the page on the Website containing the report.  The title metatag is displayed on the first page of this exhibit with the code:

> <title>Rip-off Report: Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana</title>

43.   Second, Magedson and Xcentric took the four-part title of the report provided by Solimanto to create the description metatag.  This metatag specifically states,

"Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana".  The description metatag is displayed on the first page of Exhibit A with the code:

> <meta name="description" content="Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana" />

44.     Third, Magedson and Xcentric created the keyword metatags for the report which are used by Internet search engines to determine the subject of the webpage.  In this case, Magedson and Xcentric created the following keyword metatags for the report about Jack Sternberg and Certain Approval: "rip-off, ripoff, rip off, Jack Sternberg Ken Preuss Buyers First, Company, Con Artists".  The keyword metatag is displayed on the first page of Exhibit A with the code:

> <meta name="keywords" content="rip-off, ripoff, rip off, Jack Sternberg Ken Preuss Buyers First, Company, Con Artists" />

45.     Fourth, Magedson and Xcentric provided the defamatory category "Con Artists" which Solimanto used to categorize the report.  This label appears on the webpage itself.

46.     Fifth, Magedson and Xcentric also created original content on the webpage itself that states in stylized letters, "… by consumers, for consumers", "Ripoff Report", and "Don't let them get away with it… let the truth be known!"

47.     Sixth, Magedson created the domain name of the Website— www.ripoffreport.com—which defames Plaintiffs as Defendants affiliated Plaintiffs with this domain name.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

48.    Each of these statements of original content created by Magedson and Xcentric defames Certain Approval and Jack Sternberg.

49.    Taken all together, Defendants combined efforts created the following webpage, which is located at http://www.ripoffreport.com/reports/0/271/ RipOff0271699.htm:



50.    Further, Defendants' combined original defamatory content in the hidden title metatag and the description metatag for the report's webpage created the following

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

defamatory statement in the form of the second search result for the search for "Jack Sternberg" on Google:[6]



51.     These combined statements about Plaintiffs by Defendants are false, misleading, defamatory, and/or disparaging in that (1) Plaintiffs do not "rip off" consumers or anyone else, (2) Plaintiffs' are not trying to "get away with it", (3)

HUTCHERSON SBAITI LLP

3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

[6] This search was performed on August 28, 2008.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

Plaintiffs' Buyers First Program is not illegal, (4) Plaintiffs' Buyers First Program is not a scam, (5) Plaintiffs do not sell "damaged goods", (6) Plaintiffs do not engage in bait and switch advertising, (7) Plaintiffs do not engage in illegal advertising, (8) Plaintiffs do not steal investors' money, (9) Jack Sternberg does not owe millions of dollars for fraud, (10) Plaintiffs are not people who "don't mind hurting anyone".

52.     The falsity of Defendants' defamatory statements is further revealed by the fact that neither Certain Approval nor Jack Sternberg have conducted business with or sold goods or services to any person with the name "Robin" or to any person in "Universal City, Texas".

53.     Defendants' defamatory statements attack Plaintiffs' honesty and integrity, as well as accuse Plaintiffs' business practices as being illegal and unethical.

**E.     The Damage Done**

54.     Defendants' unlawful conduct has had the intended consequence of ruining Plaintiffs' reputations.  Plaintiffs have spent years building their business reputations in the form of honest and profitable dealings, helpful teaching and instruction, networking, and demonstrating their expertise by publishing articles about real estate investing on the Internet and other media.  Any client or prospective client who investigates Jack Sternberg or Certain Approval on the Internet quickly finds the defamatory listing for "Rip-off Report: Jack Sternberg …".  This statement is highly charged and is intended to shock any person who reads it.

55.     As Defendants' unlawful defamatory statements about Jack Sternberg and Certain Approval impeach Jack Sternberg's and Certain Approval's honesty, integrity,

and business practices, as well as accusing them of selling an illegal product by unlawful means, Plaintiffs' reputations have been irreparably harmed and will continue to be irreparably harmed until such statements are removed.

56.     Defendants' unlawful defamatory statements have had the effects of lowering Certain Approval and Jack Sternberg in the estimation of the community, deterring others from associating or dealing with Certain Approval and Jack Sternberg, and otherwise expose Certain Approval and Sternberg to contempt and ridicule.

57.     As a result of Defendants' defamatory statements, Jack Sternberg and Certain Approval have lost numerous clients which have resulted in lost revenue.

58.     As a further result of Defendants' defamatory statements, Jack Sternberg and Certain Approval have lost untold prospective clients that would have resulted in substantial revenue.

59.     Virtually overnight, Plaintiffs' consistently strong sales plummeted over eighty percent (80%) when Defendants made their unlawful defamatory statements.

60.     The harm by Defendants' defamatory statements about Plaintiffs is compounded by the fact that Plaintiffs have no way of knowing who is exposed to and reads Defendants' defamatory statements.

**V.**

**CLAIMS**

**A.     Count One: Defamation / Libel**

61.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

21

62.    Defendants published statements by written communication to third parties about Certain Approval and Jack Sternberg.

63.    The statements regarding Certain Approval and Jack Sternberg are false. The statements pertain to Certain Approval and Jack Sternberg by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning Jack Sternberg and Certain Approval's executives, management, employees, business methods, activities, policies, and practices.

64.    The statements involved a private matter.

65.    Defendants publicly communicated false, misleading, disparaging, and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Website on the Internet and by placing metatags on the Website designed to publicize those false statements.

66.    Defendants have hosted and transmitted false, misleading, disparaging, and/or defamatory comments and allegations to such third parties on the Website knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

67.    Defendants disseminated false, misleading, disparaging, and/or defamatory comments and allegations with the intent to damage the business, goodwill, and professional reputation of Certain Approval and Jack Sternberg.

68.    Defendants' false, misleading, disparaging, and/or defamatory comments and allegations have caused general defamation damages to Certain Approval and Jack

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

Sternberg by exposing them to contempt and ridicule by the third parties receiving such comments and allegations.

69.    Certain Approval and Jack Sternberg have also suffered financial loss resulting from the effect of Defendants' statements, relating to, among other things, lost clients.

70.    Defendants acted maliciously by disseminating comments and allegations with wanton disregard for Certain Approval and Jack Sternberg's rights, and with the intent to defame and injure Certain Approval and Jack Sternberg.

71.    Defendants' conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, Defendants' publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.  Defendants' conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

72.    Unless Defendants are restrained and enjoined, Defendants will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Plaintiffs have been

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

73.     Defendants' wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**B.    Count Two: Defamation Per Se / Libel Per Se**

74.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

75.     Defendants' written statements in Count One were defamation per se and/or libel per se because they expressly or implicitly accuse Certain Approval and Jack Sternberg of criminal conduct and/or by their very nature tend to injure Certain Approval and Jack Sternberg's personal and/or professional reputations.

76.     The defamatory statements require no proof of falsity or fault because they were obviously hurtful to Plaintiffs.

77.     Defendants' false, misleading, disparaging, and/or defamatory comments and allegations have caused general defamation damages to Certain Approval and Jack Sternberg by exposing them to contempt and ridicule by the third parties receiving such comments and allegations.

78.     Certain Approval and Jack Sternberg have also suffered financial loss resulting from the effect of Defendants' statements, relating to, among other things, lost clients.

79.     Defendants' conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

lost sales to potential clients. Further, Defendants' publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings. Defendants' conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

80.    Unless Defendants are restrained and enjoined, Defendants will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities. By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

81.    Defendants' wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**C.    Count Three: Injurious Falsehood**

82.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

83.    Defendants published statements by written communication to third parties about the products and services of Certain Approval and Jack Sternberg.

84.    The statements regarding the products and services of Certain Approval and Jack Sternberg are false. The statements pertain to the products and services of Certain

Approval and Jack Sternberg by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning Jack Sternberg and Certain Approval's products, services, business methods, activities, policies, and practices.

85.     The statements involved a private matter.

86.     Defendants publicly communicated false, misleading, disparaging, and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Website on the Internet and by placing metatags on the Website designed to publicize those false statements.

87.     Defendants have hosted and transmitted false, misleading, disparaging, and/or defamatory comments and allegations to such third parties on the Website knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

88.     Defendants disseminated false, misleading, disparaging, and/or defamatory comments and allegations with the intent to damage the business, goodwill, and professional reputation of Certain Approval and Jack Sternberg.

89.     Certain Approval and Jack Sternberg have also suffered pecuniary loss resulting from the effect of Defendants' statements, relating to, among other things, lost clients.

90.     Defendants acted maliciously by disseminating comments and allegations with wanton disregard for Certain Approval and Jack Sternberg's rights, and with the intent to disparage Certain Approval and Jack Sternberg's products and services.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

91.     Defendants' conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, Defendants' publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about the products and services of Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.  Defendants' conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

92.     Unless Defendants are restrained and enjoined, Defendants will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

93.     Defendants' wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**D.    Count Four: False Light**

94.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

95.     Defendants' statements and actions have placed Certain Approval and Jack Sternberg in a false light.

96.    The false light in which Certain Approval and Jack Sternberg have been placed as a result of Defendants' statements and actions would be highly offensive to a reasonable person.

97.    Defendants knew that the statements and impressions created by their actions were false, or Defendants acted in reckless disregard for the truth or falsity of those statements and impressions.

98.    As a direct and proximate result of Defendants' wrongful statements and actions, Certain Approval and Jack Sternberg have been damaged in an amount to be proven at trial.

99.    Defendants' conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, the false light in which Certain Approval and Jack Sternberg have been placed as a result of Defendants' statements and actions has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.  Defendants' conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

100.    Unless Defendants are restrained and enjoined, Defendants will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Plaintiffs have been

injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

101.    Defendants' wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

## E.    Count Five: Tortious Interference With Contract And Other Business Expectancies

102.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as fully set forth herein.

103.    Plaintiffs had and continue to have valuable contracts and business expectancies with their clients and potential clients.

104.    Defendants knew, when falsely and publicly making defamatory statements about Plaintiffs that Plaintiffs had these valuable contracts and business expectancies.

105.    Defendants intended or knew with a substantial certainty that their actions would adversely affect Plaintiffs' relationships with their customers.

106.    Defendants' motive and means in interfering with Plaintiffs' valuable contracts and other business expectancies were improper.

107.    Defendants' wrongful actions caused Plaintiffs to suffer damages in an amount to be proven at trial.

108.    Defendants' conduct has caused damages and will continue to cause damages to Certain Approval and Jack Sternberg in the form of lost clients. Further, Defendants' publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about Certain Approval and Jack Sternberg and their services have played a substantial role in inducing others not to deal with Certain

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings. Defendants' conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

109.   Unless Defendants are restrained and enjoined, Defendants will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Certain Approval and Jack Sternberg have been injured in an amount not yet ascertained and are entitled to monetary and equitable remedies.

110.   Defendants' wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

## VI.

## APPLICATION FOR PERMANENT INJUNCTION

111.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

112.   Certain Approval and Jack Sternberg further ask the Court to set its application for injunctive relief for a full hearing on the issue in this application, and to issue a permanent injunction against Defendants from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning Certain Approval or Jack Sternberg.

## VII.

## JURY DEMAND

113.   Plaintiffs hereby request a jury trial on all matters so triable under the Constitution, laws, or statutes of the United States and the States of Louisiana and/or Arizona.

## VIII.

## RELIEF REQUESTED

WHEREFORE, Certain Approval and Jack Sternberg demand that judgment be entered against Defendants as follows:

(1)   That pursuant to federal and state law (Louisiana and/or Arizona), the Court issue permanent injunctive relief that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action and permanently from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning either (a) Jack Sternberg and his services, (b) Jack Sternberg and his reputation or commercial activities, (c) Certain Approval and its services, or (d) Certain Approval and its reputation or commercial activities;

(2)   That Defendants be required to remove from the Website the false, misleading, disparaging, and/or defamatory words and comments regarding either (a) Jack Sternberg and his services, (b) Jack Sternberg and his reputation or commercial activities, (c) Certain Approval and its services, or (d) Certain Approval and its reputation

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

or commercial activities, including but not limited to the webpage located at http://www.ripoffreport.com/reports/0/271/RipOff0271699.htm;

(3)   That Defendants be enjoined from posting any further comments and statements regarding Certain Approval and Jack Sternberg on the Website without Certain Approval and Jack Sternberg having the opportunity to first respond to the alleged author privately;

(4)   That Defendants be required to contact and notify any and all Internet business directory providers and Internet search engines to terminate all associations, if any, between Defendants and Certain Approval and/or Jack Sternberg and that all cached pages being kept by any Internet search engine be terminated as well;

(5)   That Certain Approval and Jack Sternberg recover all damages they have sustained in an amount to be determined at trial;

(6)   That Certain Approval and Jack Sternberg recover compensatory damages in an amount to be determined at trial;

(7)   That Defendants be required to disgorge all profits and other ill-gotten gains in an amount to be determined at trial;

(8)   That Certain Approval and Jack Sternberg be awarded punitive damages in an amount to be determined at trial;

(9)   That Defendants be required to pay Certain Approval and Jack Sternberg's costs, expenses, and reasonable attorney's fees in connection with this action; and

(10)   That Certain Approval and Jack Sternberg be entitled to such other relief as this Court deems just and equitable.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

RESPECTFULLY SUBMITTED this 5th day of October, 2009.

HUTCHERSON SBAITI LLP


/s/ Kenton J. Hutcherson
Kenton J. Hutcherson
Attorney For Plaintiffs Certain Approval
Programs, LLC and Jack Sternberg

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com