1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone (214) 443-4200
Facsimile (214) 443-4210
Kenton J. Hutcherson  (Pro Hac Vice)
Mazin A. Sbaiti (Pro Hac Vice)

**DANA LAW LLC**
506 East Portland Street
Phoenix, Arizona 85004
Telephone: (602) 622-2308
Michael K. Dana (State Bar No. 019047)

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CERTAIN APPROVAL PROGRAMS, LLC and JACK STERNBERG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL SOLIMANTO,<br><br>Defendant. | Case No:  CV08-1608-PHX-NVW<br><br><br>**PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT AND JURY DEMAND** |

Plaintiffs Certain Approval Programs, LLC ("Certain Approval") and Jack Sternberg ("Sternberg") file this Third Amended Original Complaint and Jury Demand against Defendant Michael Solimanto on personal knowledge as to all facts regarding themselves and on information and belief as to all other matters, as follows:

**I.**

**PRELIMINARY STATEMENT**

Plaintiffs Certain Approval and Jack Sternberg created a highly successful real estate investment consulting practice known as "Buyers First."  For reasons unknown to either Plaintiff, Defendant Michael Solimanto ("Defendant" or "Solimanto") posted false, defamatory, and misleading statements about Plaintiffs Certain Approval and Jack Sternberg on a website known as the "Ripoff Report," located at www.ripoffreport.com (the "Website").  Among other false accusations, Solimanto accused Plaintiffs of selling an illegal program and scamming their clients.

Virtually overnight, these defamatory statements caused Certain Approval and Jack Sternberg's consistently strong sales to plummet by more than eighty percent (80%). Plaintiffs Certain Approval Programs, LLC and Jack Sternberg bring this action to enjoin Defendant's unlawful conduct of falsely defaming them as well as to be justly compensated for the damages they incurred.

**II.**

**PARTIES**

**A.**    **Plaintiffs**

1.      Plaintiff Certain Approval Programs, LLC is a Louisiana limited liability company with its principal place of business in Jefferson, Louisiana.  Certain Approval provides real estate investment consulting services for its clients nationwide.

2.      Plaintiff Jack Sternberg is a citizen of the State of Louisiana.  Sternberg is the Chief Executive Officer of Plaintiff Certain Approval.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**B.**    <u>**Defendant**</u>

3.    Defendant Michael Solimanto posted statements on the Website under the name "Robin" from "Universal City, Texas".  Mr. Solimanto's current whereabouts are unknown to Plaintiffs.  However, Mr. Solimanto's last known address is 610 E. Oxford Drive, Tempe, Maricopa County, Arizona 85283.

**III.**

<u>**JURISDICTION AND VENUE**</u>

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the matter in controversy, exclusive of costs and interests, exceeds the sum or value of seventy-five-thousand dollars ($75,000.00).

5.    This Court has personal jurisdiction over Michael Solimanto because he has committed torts in part inside Arizona and because he has systematic contacts with Arizona.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the two former defendants to this matter, Xcentric Ventures, LLC and Edward Magedson, as well as Defendant Solimanto were subject to personal jurisdiction at the time this action commenced, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Arizona and this District, and Defendant has committed and continues to commit tortious acts in the State of Arizona and this District.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**IV.**

**FACTUAL BACKGROUND**

**C.    Certain Approval, Jack Sternberg, And The Buyers First Program**

7.    Certain Approval was created in 2005 to provide instructional programs for real estate investors.  Certain Approval does business as "Buyers First" and offers its principal product under the same name.

8.    Jack Sternberg has been in the real estate investment business for more than thirty years.  He is the author of numerous articles on real estate investing that are published on the Internet and elsewhere.

9.    Jack Sternberg has served as Certain Approval's chief executive officer since its inception in 2005.  Under his leadership, Certain Approval developed the renowned "Buyers First" Program which provides real estate investors step by step guidance to improve their real estate investment activities.  As the name indicates, the Buyers First Program focuses on identifying buyers and purchasing the rights to real estate on their behalf in order to sell the property them through normal means.

10.    Certain Approval's Buyers First Program has been tremendously successful, generating consistent, substantial revenue since its release (or at least until Defendant's unlawful conduct).

**D.    Ripoff Report: Solimanto's Vehicle For Internet Defamation**

11.    Ripoff Report is an Internet forum that purports to be a place for consumers to post and review complaints about businesses and individuals who allegedly "rip them off".  Any computer user can create a "report" about any business or individual.

12.    Here's how the Website operates—First, a computer user will log into the Website to make a "report".  The Website prompts the computer user to input certain information about the business or individual that is the target of the report, such as its name, street address, and website address.  The following form illustrates this first step:[1]



HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

---

[1] This image was obtained from Xcentric Ventures, LLC and Ed Magedson's Motion for Summary Judgment filed in the lawsuit styled *GW Equity, LLC v. Xcentric Ventures, LLC, et al.*, Civil Action No. 3-07 CV 0976-K in the United States District Court for the Northern District of Texas, Dallas Division, filed on June 2, 2008 as document number 164.

13.     Second, the Website prompts the user to create a "title" for their report. This "title" is split into four parts, specifically (1) the name of the company or individual that is the target of the report, (2) descriptive words explaining what the target did to the user, (3) the city in which the target is located in, and (4) the state in which the target is located.  The following form illustrates this second step:[2]



HUTCHERSON SBAITI LLP

3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

---

[2] *Id.*

14.    Third, the Website provides the user with a blank box in which to draft the body of their report:[3]



HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

[3] *Id.*

15.    Fourth, the Website prompts the user to categorize the report in one of many predetermined categories which include such categories as "Ice Cream Shops", "Con Artists", "Corrupt Companies", and "Court Judges":[4]



---

[4] *Id.*

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**E.**   **Solimanto Defames Certain Approval And Jack Sternberg On The Website.**

16.   Solimanto took Plaintiffs' Buyer's First course—first as a paid student, and then even returned later on for free to refresh.

17.   On or about August 31, 2007, Michael Solimanto logged into the Website under the pseudonym "Robin" from "Universal City, Texas" and posted a report about Jack Sternberg, Ken Preuss, and Certain Approval's Buyer's First Program.  For the body of the report, Solimanto specifically stated:

> Do not trust the Buyers First or any other name given to the idea by Jack Sternberg. I have seen people buy his program and fail, and I too have failed using this program, and not because the people who bought into this scam didn't try it, but because it's illegal and very difficult. His idea of charging $50,000 is an attempt to scam anyone. He makes more money from selling the program than doing one stray deal here or there.
>
> I've seen people at the program that would never do a deal and he sold them damaged goods. The program requires bait and switch advertising (which is illegal), it requires advertising property you don't have or own (which is illegal), and it requires selling someone something which neither benefits the buyer or the seller. It's a leach equity program that benefits no one, including the investors Jack Sternberg ropes in and steals their money.
>
> What Jack won't disclose is that he was arrested for fraud back in the 90's for real-estate investing and owes a few million for his petty games. He's not a person you can trust. An article published in Louisiana about his illegal scheming and arrest show his true nature.
>
> What anyone should do if they do not believe me is to ask Jack Sternberg or Ken Preuss to show you their books or 1099 and show you how much money they make and ask them to give them 5 references of people who are making so much money. These people don't mind hurting anyone. I put more than enough money and time to make the program work

and frankly it's stealing.  I lost my money already, this is for
you, the consumers sake.

18.    Following the Website's prompts, Solimanto provided the title for this report in the following four parts: (1) "Jack Sternberg Ken Preuss Buyers First", (2) "Jack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors", (3) "Metarie", and (4) "Louisiana".   These parts combined to create the report's title "Jack Sternberg Ken Preuss Buyers FirstJack Sternberg Ken Preuss Buyers First Rip-Off King on an Illegal Program to Scam Investors Metarie Louisiana", which appears in red colored font on the Website.

19.    Michael Solimanto also categorized this report under the Website's category called "Con Artists".

20.    Taken all together, Solimanto's efforts created the following webpage, which was originally located at http://www.ripoffreport.com/reports/0/271/RipOff0271699.htm:

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com



21.    A modified version of this defamatory webpage is currently located at http://www.ripoffreport.com/consulting/buyers-first/notice-the-truthfulness-and-a-be8fa.htm.

22.    Further, Defendant's defamatory content appeared as a search result for the search for "Jack Sternberg" on Google:[5]

---

[5] This search was performed on August 28, 2008.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

23.     These statements about Plaintiffs by Defendant are false, misleading, defamatory, and/or disparaging in that (1) Plaintiffs do not "rip off" consumers or anyone else, (2) Plaintiffs' are not trying to "get away with it", (3) Plaintiffs' Buyers First Program is not illegal, (4) Plaintiffs' Buyers First Program is not a scam, (5) Plaintiffs do not sell "damaged goods", (6) Plaintiffs do not engage in bait and switch advertising, (7) Plaintiffs do not engage in illegal advertising, (8) Plaintiffs do not steal investors' money,

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

12

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

(9) Jack Sternberg does not owe millions of dollars for fraud, (10) Plaintiffs are not people who "don't mind hurting anyone".

24.     The falsity of Defendant's defamatory statements is further revealed by the fact that neither Certain Approval nor Jack Sternberg have conducted business with or sold goods or services to any person with the name "Robin" or to any person in "Universal City, Texas".

25.     Defendant's defamatory statements attack Plaintiffs' honesty and integrity, as well as accuse Plaintiffs' business practices as being illegal and unethical.

26.     Solimanto likely learned this trade from—of all people—his own mother, who accused him on the Ripoff Report of ripping her off and bilking her out of her home and cash.

**F.     The Damage Done**

27.     Defendant's unlawful conduct had the intended consequence of ruining Plaintiffs' reputations.  Plaintiffs spent years building their business reputations in the form of honest and profitable dealings, helpful teaching and instruction, networking, and demonstrating their expertise by publishing articles about real estate investing on the Internet and other media.

28.     Up until when Plaintiff settled with the Ripoff Report, any client or prospective client who investigated Jack Sternberg or Certain Approval on the Internet quickly found the defamatory listing for Solimanto's Ripoff Report about Plaintiffs.  This report was highly charged and shocked any person who read it.

29.     As Defendant's unlawful defamatory statements about Jack Sternberg and Certain Approval impeach Jack Sternberg's and Certain Approval's honesty, integrity, and business practices, as well as accusing them of selling an illegal product by unlawful means, Plaintiffs' reputations were irreparably harmed – decimating their business.

30.     Defendant's unlawful defamatory statements had the effect of lowering Certain Approval and Jack Sternberg in the estimation of the marketplace, deterring others from associating or dealing with Certain Approval and Jack Sternberg, and otherwise expose Certain Approval and Sternberg to contempt and ridicule.

31.     As a result of Defendant's defamatory statements, Jack Sternberg and Certain Approval have lost numerous clients which have resulted in lost revenue.

32.     As a further result of Defendant's defamatory statements, Jack Sternberg and Certain Approval have lost untold prospective clients that would have resulted in substantial revenue.

33.     Virtually overnight, Plaintiffs' consistently strong sales plummeted over eighty percent (80%) when Defendant made his unlawful defamatory statements.

34.     The harm by Defendant's defamatory statements about Plaintiffs is compounded by the fact that Plaintiffs have no way of knowing who is exposed to and reads Defendants' defamatory statements.

**V.**

**CLAIMS**

**G.     Count One: Defamation / Libel**

35.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

14

36.     Defendant published statements by written communication to third parties about Certain Approval and Jack Sternberg.

37.     The statements regarding Certain Approval and Jack Sternberg are false. The statements pertain to Certain Approval and Jack Sternberg by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning Jack Sternberg and Certain Approval's executives, management, employees, business methods, activities, policies, and practices.

38.     The statements involved a private matter.

39.     Defendant publicly communicated false, misleading, disparaging, and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Website on the Internet.

40.     Defendant transmitted false, misleading, disparaging, and/or defamatory comments and allegations to such third parties on the Website knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

41.     Defendant disseminated false, misleading, disparaging, and/or defamatory comments and allegations with the intent to damage the business, goodwill, and professional reputation of Certain Approval and Jack Sternberg.

42.     Defendant's false, misleading, disparaging, and/or defamatory comments and allegations have caused general defamation damages to Certain Approval and Jack Sternberg by exposing them to contempt and ridicule by the third parties receiving such comments and allegations.

43.    Certain Approval and Jack Sternberg have also suffered financial loss resulting from the effect of Defendant's statements, relating to, among other things, lost clients.

44.    Defendant acted maliciously by disseminating comments and allegations with wanton disregard for Certain Approval and Jack Sternberg's rights, and with the intent to defame and injure Certain Approval and Jack Sternberg.

45.    Defendant's conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, Defendant's publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.  Defendant's conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

46.    Unless Defendant is restrained and enjoined, Defendant will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

47.     Defendant's wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**H.     Count Two: Defamation Per Se / Libel Per Se**

48.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

49.     Defendant's written statements in Count One were defamation per se and/or libel per se because they expressly or implicitly accuse Certain Approval and Jack Sternberg of criminal conduct and/or by their very nature tend to injure Certain Approval and Jack Sternberg's personal and/or professional reputations.

50.     The defamatory statements require no proof of falsity or fault because they were obviously hurtful to Plaintiffs.

51.     Defendant's false, misleading, disparaging, and/or defamatory comments and allegations have caused general defamation damages to Certain Approval and Jack Sternberg by exposing them to contempt and ridicule by the third parties receiving such comments and allegations.

52.     Certain Approval and Jack Sternberg have also suffered financial loss resulting from the effect of Defendant's statements, relating to, among other things, lost clients.

53.     Defendant's conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, Defendant's publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.   Defendant's conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

54.     Unless Defendant is restrained and enjoined, Defendant will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.   By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

55.     Defendant's wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**I.**     **Count Three: Injurious Falsehood**

56.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

57.     Defendant published statements by written communication to third parties about the products and services of Certain Approval and Jack Sternberg.

58.     The statements regarding the products and services of Certain Approval and Jack Sternberg are false.   The statements pertain to the products and services of Certain Approval and Jack Sternberg by intentionally making one or more false, misleading, disparaging and/or defamatory comments and allegations concerning Jack Sternberg and

18

Certain Approval's products, services, business methods, activities, policies, and practices.

59.     The statements involved a private matter.

60.     Defendant publicly communicated false, misleading, disparaging, and/or defamatory comments and allegations to third parties by disseminating such comments and allegations via the Website on the Internet.

61.     Defendant hosted and transmitted false, misleading, disparaging, and/or defamatory comments and allegations to such third parties on the Website knowing the same were false or with a high degree of awareness that the same were probably false, or with a reckless disregard for the truth.

62.     Defendant disseminated false, misleading, disparaging, and/or defamatory comments and allegations with the intent to damage the business, goodwill, and professional reputation of Certain Approval and Jack Sternberg.

63.     Certain Approval and Jack Sternberg have also suffered pecuniary loss resulting from the effect of Defendant's statements, relating to, among other things, lost clients.

64.     Defendant acted maliciously by disseminating comments and allegations with wanton disregard for Certain Approval and Jack Sternberg's rights, and with the intent to disparage Certain Approval and Jack Sternberg's products and services.

65.     Defendant's conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, Defendant's publication of false, misleading,

disparaging, and/or defamatory words, statements, comments, and allegations about the products and services of Certain Approval and Jack Sternberg has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings. Defendant's conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

66.     Unless Defendant is restrained and enjoined, Defendant will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities. By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

67.     Defendant's wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**J.      Count Four: False Light**

68.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

69.     Defendant's statements and actions have placed Certain Approval and Jack Sternberg in a false light.

70.     The false light in which Certain Approval and Jack Sternberg have been placed as a result of Defendant's statements and actions would be highly offensive to a reasonable person.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

71.    Defendant knew that the statements and impressions created by his actions were false, or Defendant acted in reckless disregard for the truth or falsity of those statements and impressions.

72.    As a direct and proximate result of Defendant's wrongful statements and actions, Certain Approval and Jack Sternberg have been damaged in an amount to be proven at trial.

73.    Defendant's conduct as alleged above all caused special damages and will continue to cause special damages to Certain Approval and Jack Sternberg in the form of lost sales to potential clients.  Further, the false light in which Certain Approval and Jack Sternberg have been placed as a result of Defendant's statements and actions has played a substantial part in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings.  Defendant's conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

74.    Unless Defendant is restrained and enjoined, Defendant will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained, and are entitled to monetary and equitable remedies.

75.    Defendant's wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

**K.    Count Five: Tortious Interference With Contract And Other Business Expectancies**

76.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as fully set forth herein.

77.    Plaintiffs had and continue to have valuable contracts and business expectancies with their clients and potential clients.

78.    Defendant knew, when falsely and publicly making defamatory statements about Plaintiffs that Plaintiffs had these valuable contracts and business expectancies.

79.    Defendant intended or knew with a substantial certainty that his actions would adversely affect Plaintiffs' relationships with their customers.

80.    Defendant's motive and means in interfering with Plaintiffs' valuable contracts and other business expectancies were improper.

81.    Defendant's wrongful actions caused Plaintiffs to suffer damages in an amount to be proven at trial.

82.    Defendant's conduct has caused damages and will continue to cause damages to Certain Approval and Jack Sternberg in the form of lost clients.  Further, Defendant's publication of false, misleading, disparaging, and/or defamatory words, statements, comments, and allegations about Certain Approval and Jack Sternberg and their services have played a substantial role in inducing others not to deal with Certain Approval and Jack Sternberg with the result that Certain Approval and Jack Sternberg have suffered special damages, in the form of the loss of trade or other dealings. Defendant's conduct entitles Certain Approval and Jack Sternberg to injunctive relief.

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

83.    Unless Defendant is restrained and enjoined, Defendant will continue to harm Certain Approval and Jack Sternberg irreparably, thereby further damaging Certain Approval and Jack Sternberg and impairing Certain Approval and Jack Sternberg's business reputation and activities.  By reason of the foregoing, Certain Approval and Jack Sternberg have been injured in an amount not yet ascertained and are entitled to monetary and equitable remedies.

84.    Defendant's wrongful actions were committed with the requisite evil mind under Louisiana and/or Arizona law to warrant the imposition of punitive damages.

**VI.**

**APPLICATION FOR PERMANENT INJUNCTION**

85.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

86.    Certain Approval and Jack Sternberg further ask the Court to set its application for injunctive relief for a full hearing on the issue in this application, and to issue a permanent injunction against Defendant from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning Certain Approval or Jack Sternberg.

**VII.**

**JURY DEMAND**

87.    Plaintiffs hereby request a jury trial on all matters so triable under the Constitution, laws, or statutes of the United States and the States of Louisiana and/or Arizona.

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

HUTCHERSON SBAITI LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com

## VIII.

## **RELIEF REQUESTED**

WHEREFORE, Certain Approval and Jack Sternberg demand that judgment be entered against Defendant as follows:

(1)     That pursuant to federal and state law (Louisiana and/or Arizona), the Court issue permanent injunctive relief that Defendant, his officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained, during the pendency of this action and permanently from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning either (a) Jack Sternberg and his services, (b) Jack Sternberg and his reputation or commercial activities, (c) Certain Approval and its services, or (d) Certain Approval and its reputation or commercial activities;

(2)     That Defendant be enjoined from publishing any comment or statement, in any medium and in whatever form, about Jack  Sternberg, Certain Approval Programs, or any other business affiliated with either;

(3)     That Defendant be required to contact and notify any and all Internet business directory providers and Internet search engines to terminate all associations, if any, between Defendant and Certain Approval and/or Jack Sternberg and that all cached pages being kept by any Internet search engine be terminated as well;

(4)     That Certain Approval and Jack Sternberg recover all damages they have sustained in an amount to be determined at trial;

(5)     That Certain Approval and Jack Sternberg recover compensatory damages in an amount to be determined at trial, including but not limited to lost profits and lost goodwill;

(6)     That Defendant be required to disgorge all profits and other ill-gotten gains in an amount to be determined at trial;

(7)     That Certain Approval and Jack Sternberg be awarded punitive damages in an amount to be determined at trial;

(8)     That Defendant be required to pay Certain Approval and Jack Sternberg's costs, expenses, and reasonable attorney's fees in connection with this action; and

(9)     That Certain Approval and Jack Sternberg be entitled to such other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 1st day of December, 2009.

HUTCHERSON SBAITI LLP


/s/ Kenton J. Hutcherson
Kenton J. Hutcherson
Attorney For Plaintiffs Certain Approval
Programs, LLC and Jack Sternberg

**HUTCHERSON SBAITI LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 443-4200
www.HutchersonLaw.com